JAMES CARR'S EXECUTRIX, Appellant, v. JOHN M. GLOVER, Respondent.

St. Louis Court of Appeals, April 7, 1897.

1. **Attorney and Client:** NEGLIGENCE: ACQUIESCENCE OF CLIENT: ESTOPPEL. Where the acquiescence of a client, who is a lawyer, is not that condition of mind which is ordinarily produced in the mind of the client by reason of his confidence in the skill and ability of his

attorney, but that assent which is the result of a personal examination of the authorities and his individual knowledge and superior skill as a lawyer, he is estopped to plead the negligence of his attorney.

2. **Referee's Report**: EVIDENCE. The report of a referee, when supported by substantial evidence, will not be disturbed on appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*Carr & Carr* for appellant.

A lawyer does not insure the correctness of his opinions. To render him liable, the error must have been such as no lawyer of average capacity would have made. *Watson v. Muirhead*, 57 Pa. St. 161; *Morrill v. Graham*, 27 Texas, 646; *Bounan v. Tallman*, 27 How. Pr. 212; *Citizens L. F. & S. Ass'n v. Friedley*, 123 Ind. 143; *Babbitt v. Bumpsus*, 73 Mich. 331; *Crooker v. Hutchinson*, 2 Chip. 117; *Lynch v. Commonwealth*, 16 Sar. & R. 368; *Ahlhauser v. Butler*, 57 Fed. Rep. 121; Mech. on Agency, secs. 824, 825.

A lawyer is justified in acting on the last decision of the supreme court of his state as a correct statement of the law. *Hastings v. Halleck*, 13 Cal. 203; *Marsh v. Whitmore*, 21 Wall. 178; *Citizens L. F. & S. Ass'n, supra; Ahlhauser v. Butler, supra.*

The question is not what the law was at that time, but whether it was so well established and so universally known that no lawyer of average ability could have entertained a different opinion. *Bounan v. Tallman, supra; Babbitt v. Bumpsus, supra; Ahlhauser v. Butler, supra; Goodman v. Walker*, 30 Ala. 482.

If the principal has by his own negligence contributed to cause the injury, or if by use of reasonable diligence on his part he could have prevented the injury, the agent can not be held responsible for it.    Mech. on Agency, sec. 503.

This rule has been held to apply in the case of attorney and client.    *Read v. Patterson*, 79 Tenn. 430; *Hinckley v. Krugg*, 34 Pac. Rep. 118; Shear. & Redf. on Neg., sec. 560. See, also, *R. R. v. Walker*, 49 Iowa, 273; *Rechtscherd v. Bank*, 47 Mo. 181; *Butts v. Phelps*, 79 *Id.*; *Sewing Machine Co. v. R. R.*, 71 *Id.* 203; *Switzer v. Connett*, 11 Mo. 88.

Mr. Glover did not rely on Mr. Carr, and can not now charge negligence.

The report of a referee, in an action of law, stands on the same footing as the special verdict of a jury, and when supported by any evidence, the appellate court will not disturb it.    *Schwartz Bros. Com. Co. v. Vanstone*, Mo. App. 523; *Singer Mfg. Co. v. Givens*, 39 *Id.* 602.    See, also, *Kendrick v. Mfg. Co.*, 60 Mo. App. 24; *Langdon v. Kelly*, 51 *Id.* 572; *Dailey v. Dailey*, 125 Mo. 96.

*John M. Glover pro se.*

Carr's letter of July 3, 1890, shows conclusively that he filed the defective pleading on his own responsibility, overruling the opinion of his client.    *Moody v. Deutch*, 85 Mo. 237, was an inadvertent departure from the long settled rule.    *McIntyre v. Calhoun*, 27 Mo. App. 513; *Cohen v. Lehman*, 93 Mo. 582.

The referee did not venture to say that this defective plea was not actionable negligence.    *Estate of A. B.*, 1 Tucker, 247; *Gambert v. Hart*, 44 Cal. 542; *Wallhofen v. Newcombe*, 10 Hun (N. Y.), 236; *O'Barr v. Alexander*, 37 Ga. 195; *Caverly v. McCowen*, 123 Mass.

574; *Eggleston v. Boardman*, 37 Mich. 14; *Welson v. Russ*, 20 Maine, 421; *Stevens v. Dexter*, 55 Ill. 151; *Goodman v. Walker*, 30 Ala. 482.

The circuit court had no power to set aside the report in part. The case must go back for a broad retrial of all the issues. *Menoun v. Boeppler*, 63 Mo. App. 151.

Exception 19 goes to the whole report. The report should be set aside. *Dorlon v. Lewis*, 9 How. Pr. 1; *Townsend v. Peyser*, 45 *Id.* 211; *Devlin v. The Mayor*, 54 *Id.* 383; *Chase v. James*, 16 Hun, 14; *Greenwood v. Marvin*, 29 *Id.* 99; *Leonard v. Mulry*, 93 N. Y. 392.

The sixth exception should have been sustained. The finding of the referee on the facts amounts to a special verdict. R. S. 1889, sec. 2155; *Reineche v. Jod*, 56 Mo. 386; *Woodrow v. Younger*, 61 *Id.* 395. It negatives facts not found. *Nelson v. Ingersoll*, 27 How. Pr. 1; *Seement v. Baetjer*, 49 Barb. 362; *Van Syckel v. Stewart*, 77 Pa. St. 124.

The finding is too uncertain to sustain the general verdict and must be set aside. *Stearns v. Barrett*, 1 Mason, 153; *Bellows v. Pres. and Directors, etc.*, 2 *Id.* 31; *Cram v. Stiles*, 47 Mich. 129.

BLAND, P. J.—The petition in this case contained twelve counts. The first eleven were for the value of legal services, rendered by James Carr, in his lifetime, for the defendant, in the prosecution and defense of various lawsuits, to which defendant was a party. The twelfth count was for alleged services rendered by James A. Carr, an attorney at law, for defendant, upon an express contract between defendant and James Carr, by which it is alleged, defendant agreed to pay the value of such services to James Carr.

The answer was a traverse of the twelfth count. Defendant admitted the employment of James Carr,

as alleged, and also of the rendition of some service, but denied the value as alleged.

As a counterclaim, defendant alleged in substance that he employed James Carr to defend a suit, brought against himself and sureties on his bond as administrator *de bonis non* of the partnership estate of Glover & Shepley, against which he had a complete defense on the merits. That he advised Carr fully of this defense, but that Carr, by his negligence, failed to embrace this defense in his answer to the suit, although advised by defendant to do so. That Carr filed a plea to the jurisdiction of the court, but failed to join with it a plea in bar, or to the merits; that this plea to the jurisdiction was ruled against him; that he was denied and deprived of the privilege to answer over to the merits. Default was taken and damages assessed. By reason of all this, defendant says, Carr, by his negligence and want of skill, damaged him in the sum of $2,500, for which he asked judgment.

The issues in this case, by consent, were referred to a referee, who found for plaintiff upon all of the twelve counts and denied the defendant's counterclaim. Upon this report coming in, defendant filed a motion to set it aside, for various reasons, not necessary to notice in detail. The exceptions to the findings of the referee on the first, second, third, fourth, fifth, sixth, seventh, ninth, and tenth counts of plaintiff's petition were overruled. The exceptions to the eighth, eleventh, and twelfth counts of the petition and defendant's counterclaim were sustained. From this order, sustaining in part the defendant's motion to set aside report of the referee, the plaintiff duly appealed.

By written opinion, filed by the learned trial judge, we are advised of the legal propositions, by which he was controlled in his rulings on the motion. That

opinion, so far as it is necessary to set it out for the purposes of this opinion, is as follows:

"A lawyer is not liable in damages to his client for a mere error in judgment on a legal proposition concerning which enlightened legal minds may fairly differ. But the same degree of diligence is required of a lawyer that is required of other men employed to render services of a technical or scientific character; and if the error is such as to evince negligence he is liable.

"In the case at bar the alleged negligence consisted in failing to plead to the merits of a cause at the same time a plea in abatement was filed, in consequence of which when the plea in abatement was overruled the defendant was unable to present his defense on the merits; the defendant alleging that he had a defense on the merits of which his lawyer was informed and which is set forth in the counterclaim.

"Under the common law a plea to the merits waived all matter in abatement and the two pleas could not stand together. But at the time the answer complained of in this case was filed the law was well settled in this state that the answer to a suit must contain all the defenses that were to be made, whether in abatement or to the merits or both. And this had been the declared rule of pleading by our supreme court long enough for every lawyer by the exercise of reasonable diligence to have known it.

"The learned referee who tried this cause found against the defendant on this counterclaim on the ground that the defendant being himself a lawyer 'the question of pleading in abatement without inserting a plea in bar or to the merits was fully discussed by James Carr and the defendant; and that such plea was filed with the acquiescence of the defendant, * * *

and it was a risk which was assumed with full knowledge by defendant and his counsel alike of what were the decisions of the supreme court of Missouri on the subject.'

"The correspondence between Mr. Carr and Mr. Glover on this subject is set forth in the evidence. It shows substantially that the subject was discussed, that the plea in abatement as prepared by Mr. Carr was forwarded by him in a letter to Mr. Glover who made some change in the form of it and returned it to Mr. Carr, saying that as to that change he (G) would take the responsibility. The change was only as to the form of pleading the matter in abatement, and not in reference to the question of pleading to the merits. On the proposition of omitting to plead to the merits Mr. Glover expressed apprehension. Mr. Carr expressed doubt; but advised that the plea to the merits be omitted and it was done as he advised and Mr. Glover acquiesced. When the cause came on for trial Mr. Glover was present and assisting and he also had other counsel assisting, and no application to amend the pleadings was made at the trial; a plea to the jurisdiction and the plea in abatement were overruled, an application for leave to plead to the merits was then made but denied by the court and the cause was sent to a referee to assess the plaintiff's damages.

"The acquiescence of Mr. Glover in the filing of the plea, his presence at the trial and going to trial without asking leave to amend, are the grounds on which the referee bases his finding against the defendant on his counterclaim.

"I can not agree with the referee in that conclusion as a matter of law. If the defendant had not been himself a lawyer it would perhaps have never occurred to anyone that his acquiescence in the matter affected the question. But what difference does it make that

. the defendant is a lawyer? Is there any difference between the duty that a lawyer owes his client who is a layman and that which he owes his client who is a lawyer? If there be a difference upon what is it based, on the skill and learning of the client or on the mere fact that he is licensed? It happens that in this case the defendant is a lawyer of unusual ability, but there are some men licensed to practice law who have very little learning. In applying the rule in a case like this shall we undertake to inquire into the degree of skill and learning of the client? It seems to me that this is a wholly immaterial matter. If a lawyer is a party to a suit and employs another as his attorney to take care of his interest he is regardless of his own learning and ability entitled to the same skill and the same degree of diligence at the hands of his attorney that he should have if he were a layman.

"As the issues joined on eighth and eleventh counts of the petition involve matters so closely related to those involved in the issues joined in the counterclaim, the findings of the referee in those two counts should not stand while his finding on the counterclaim is set aside.

"The contract pleaded in the twelfth count of the petition is a peculiar one. It is an express agreement whereby prior to the rendering of any services of James A. Carr to defendant, James Carr and defendant made and entered into an agreement whereby James Carr promised to procure the services of James A. Carr to be rendered to defendant and defendant promised James Carr to pay him the value of the services so to be rendered by James A. Carr as well as the value of his, James Carr's, own services.

"There is no evidence to prove that such a contract was ever made and nothing from which it could be implied. No witness pretended to have heard any such

contract entered into between Mr. Carr, senior, and Mr. Glover. Mr. Carr being dead, Mr. Glover could not testify."

As a general proposition, the statement of the law, of the relation between client and attorney, by the learned judge is correct. Like all other general rules of law, however, it has its exceptions, founded in a modification or change of the relations themselves. Glover, when the suit was brought on his administrator's bond, and during the pendency of the suit, was in New York city and Washington city, and he and Carr communicated with each other through the mails. An examination of the correspondence between Carr and Glover leads us to the conclusion that the rule of law, as stated by the trial court, has no application to the facts in this case. The first plea filed by Carr was for Glover alone. The suit was subsequently dismissed as to Glover; hence this first plea cuts no figure in this case.

The referee found that Mr. Glover "acquiesced" in the pleading as filed by Mr. Carr. The learned trial judge says the mere acquiescence is not sufficient to estop Glover from pleading negligence on the part of Carr. Ordinarily this would unquestionably be true. As a rule a client not only acquiesces in pleadings prepared and filed by his attorney, but he implicitly relies upon him in that regard. But the ordinary relations between client and attorney did not exist in this case. Here the client was an able lawyer. As shown by the correspondence between him and his attorney, the pleadings to be filed and the effect of a plea to the jurisdiction were discussed, and authorities cited by each. A copy of the plea was prepared by Carr, and transmitted to Glover, who criticised the same, and suggested one or two very material amendments. Glover had a final

*ATTORNEY and client: negligence: acquiescence of client: estoppel.*

settlement pending in the probate court of St. Louis city, to which objections had been filed. Carr was anxious to have that settlement passed on and gave several good reasons why the controversy should be settled in that court. Glover at no time gave Carr any satisfactory answer as to this plan of procedure. He seems from the correspondence to have entertained the idea that the pendency of his final settlement in the probate court would abate the circuit court suit. He was averse to making a defense to the merits in the circuit court, and so advised Carr by letter of date July 12, 1890, in which he says: "I should be in favor of not including the defense to the merits in this pleading"—(referring to a plea to the jurisdiction). "I do not wish to be obliged to state a defense in the circuit court." On the following twenty-eighth day of July, he wrote Carr again; that he had examined the plea (to the jurisdiction) and that he had it copied, after some formal amendments, and added: "I beg you will file it as I have prepared it, and I will take the responsibility therefor."

The attempt of the defendant to refer these letters to the defense to be made by Johnson, and as having no reference to his, Glover's, defense, is wholly untenable. It was his defense to the merits he did not want to be compelled to make. It was his debt, if any was due—not Johnson's—the plaintiff was seeking to recover. Glover's defense was Johnson's defense, and Johnson's defense was Glover's; whether to the merits, by plea in abatement, or to the jurisdiction. The acquiescence found by the referee was not that condition of mind which is ordinarily produced in the mind of the client, by reason of his confidence in the skill and ability of his attorney. But it was that assent which was produced in the mind of Glover, from a personal examination of the authorities, and by reason of his

individual knowledge and superior skill as a lawyer. Carr's judgment and Glover's seem to have been about harmonious as to the plea to be filed, but if the judgment of Carr had any influence in the formation of Glover's judgment in this matter, their correspondence fails to indicate the fact. The report of the referee, if supported by substantial evidence, must stand. *Lingenfelder v. Wainwright Brew. Co.*, 103 Mo. 575; *Gambell v. Gibson*, 75 Mo. 326; *Bissell v. Hill*, 10 Mo. App. 595. That it is abundantly supported will be seen from what has been said. It follows that the order of the circuit court sustaining the motion to set aside the report, so far as the same relates to finding of referee, on issues joined on the eighth and eleventh counts of the petition, and defendant's counterclaim is reversed, and the lower court is ordered to overrule said motion as to the eighth and eleventh counts of plaintiff's petition, and to defendant's counterclaim. The evidence wholly failed to support the finding of the referee on the twelfth count of the petition, and the order of the trial court setting aside the report of the referee on this count is affirmed.

All concur.